IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA

ERIC ARTHUR WALTON,

      Petitioner,

v.                                    Civil Action No.   1:03cv207

UNITED STATES OF AMERICA,

      Respondent.

## MEMORANDUM OPINION AND ORDER

### I.  Background

On September 22, 2003, the *pro se* petitioner, Eric Arthur
Walton ["Walton"], filed a Petition for Writ of Error Coram Nobis
and Memorandum of Law seeking to have his 1985 convictions reversed
and expunged from his record. On July 29, 2004, the petitioner
filed Petitioner's Motion of Judicial Notice as to Dretke v.
Haley, 541 U.S. 386 (2004).

The petitioner has an extensive criminal history.  In 1978,
he was found guilty by a jury for the United States District Court
for the Northern District of West Virginia of two counts of
distribution of marijuana in violation of 21 U.S.C. §841(a)(1)(case
no. 5:77cr83).  On May 4, 1978, the Court sentenced him to
consecutive terms of five years imprisonment on each charge.
Additionally, the Court imposed a special parole term of 4 years to

begin at the end of his imprisonment.    After serving 44 months,
Walton was paroled.

Thereafter, on  March 11, 1985, Walton entered a guilty plea,
again in the United Stated District Court for the Northern District
of West Virginia, to  using a telephone facility to obtain cocaine
for personal use in violation of   21  U.S.C.§843(b)(case  no.
1:85cr33)  and  interstate  transportation  of  stolen  property  in
violation of 18 U.S.C. §§2314 & 2.   (case no. 1:85cr34).   On July
31, 1985, the Court sentenced Walton to 8 years imprisonment and
two years of special parole for violating 21 U.S.C. §843(b) and ten
years  for  violating  18  U.S.C.  §§2314  &  2.  The  sentences  ran
concurrently, and also ran concurrently with the pending parole
violation from case number 5:77cr83.

At some point, the date is unknown, Walton was released from
federal prison after serving his sentence stemming from his 1985
convictions. Later on April 10, 1994, he was convicted by a jury in
the Northern District of West Virginia of a drug, money laundering
and ITAR conspiracy (case no. 5:94cr21).   During  sentencing under
U.S.S.G.  §3B1.1(a),   the  Court  determined  that  Walton  was  an
organizer and leader of the conspiracy. The Court also found that
Walton was a career offender and assigned him an offense level of
37 and a criminal history category of VI.   The Court found that
Walton's 1985 conviction in case no. 1:85CR33 under 21 U.S.C.

2

§843(b) should be used as a predicate offense for determining his status as a career offender. Consequently, on July 27, 1994, the Court sentenced Walton to life imprisonment.

Following his trial on the conspiracy charges, Walton also was convicted of conspiracy to influence a juror in violation of 18 U.S.C. §371, and aiding and abetting in the attempt to influence a petit juror in violation of 18 U.S.C. §§ 2 and 1503. (case no. 5:96cr41). He was sentenced to concurrent 60 month terms of incarceration on these charges on June 16, 1997.

On July 30, 1996, Walton filed a §2255 motion regarding his conviction in 1:85cr34, the 1985 ITAR case. By Order entered on August 9, 1996, the court denied the §2255 motion. On January 14, 1999, Walton filed a Petition for Writ of Error Coram Nobis regarding 1:84cr100, 1:85cr33,and 1:85cr34. Thereafter, on January 25, 1999, Walton filed a Writ of Error Coram Nobis seeking to have this Court correct the sentence imposed on May 4, 1978 (case no. 5:77cr83). The Court denied all of Walton's petitions for writ of error coram nobis.

On July 6, 1999, Walton filed a §2255 motion regarding his conviction in case no. 5:94cr21 (case no. 5:99cv86). The Court denied this motion by order entered on February 28, 2002. On November 6, 2000, Walton filed a §2255 motion regarding his conviction in case no. 5:96cr41 (case no. 5:00cv91). By order

entered on June 25, 2002, the Court denied Walton's §2255 motion in that case.

## II.  **Walton's Contentions**

Walton contends that his 1985 convictions for using a telephone facility to obtain cocaine for personal use in violation of  21 U.S.C.§843(b) and  interstate transportation of a stolen boat in violation of 18 U.S.C. §§2314 and 2 were erroneously used to enhance his sentences in case nos. 5:94cr21 and 5:96cr41.

According to Walton, he is actually innocent of violating 21 U.S.C. §843(b).   He further contends that the Court lacked jurisdiction to impose any enhanced penalty (8 years instead of 4 years) for violating 21 U.S.C. §843(b) because the Government failed to given him proper notice pursuant to  21 U.S.C. §851(a)(1) that his 1978 federal drug conviction would be used to enhance his sentence.   Walton also asserts that his guilty plea of using a telephone to facilitate cocaine distribution was not made knowingly and intelligently because neither the plea agreement nor the Rule 11 colloquy alerted him to the fact that he faced a term of "special parole" beyond the statutory maximum sentence that could be imposed, and the record reveals  the absence of the essential elements of facilitation and distribution of any controlled substance during the use of a telephone facility.

## III.   **JURISDICTIONAL ANALYSIS**

Courts have power under the All Writs Act, 28 U.S.C. § 1651, to issue a Writ of Error Coram Nobis.  See <u>United States v. Morgan</u>, 346 U.S. 502 (1954); <u>United States v. Mandel</u>, 862 F.2d 1067, 1075 (4th Cir. 1988).  However, the writ may only be issued where an error of the most fundamental character compels such action to achieve justice after the sentence has been served and where no alternative remedy is available. <u>Id.</u>

A motion in the nature of a writ of coram nobis enables a trial court to correct one of its judgments.  The motion is a "step in the criminal case and not, like habeas corpus where relief is sought in a separate case and record, the beginning of a separate civil proceeding." <u>Morgan</u>, 346 U.S. at 504 , n. 4.  Accordingly, relief can only be granted by the court that rendered the judgment. <u>Thomas v. Cunningham</u>, 335 F.2d 67 (4th Cir.1964).

To obtain coram nobis relief, the petitioner must demonstrate the following four requirements: (1) A more usual remedy is unavailable; (2) valid reasons exist for not attacking the conviction earlier; (3) adverse consequences exist from the conviction sufficient so that a case or controversy exists; and (4) the error is of the most fundamental character." <u>Scates v. United States</u>, 914 F.2d 249 (4th Cir.1990), <u>cert. denied</u>, 500 U.S. 919,

(1991)(citing <u>Hirabayashi v. United States</u>, 828 F.2d 591, 604 (9th Cir.1987)).

Coram nobis relief is not available when the claim could have been raised on direct appeal but was not. <u>United States v. Keane</u>, 852 F. 2d 199 (7th Cir. 1988); <u>United States v. Osser</u>, 864 F. 2d 1056, 1060-61 (3d Cir. 1988).

Walton is challenging his 1985 convictions for violating 21 U.S.C. 843(b) and 18 U.S.C. §2314 and 2. However, Walton could have raised any of the challenges he now raises regarding these convictions by way of a direct appeal or §2255 motion following the convictions. He did not do so, and fails to explain why he did not undertake these challenges earlier.

Moreover, while Walton asserts that he is actually innocent of violating 21 U.S.C. §843(b), he has failed to allege any facts to support his contention. He only states that he used the facility to obtain cocaine for personal use. "Typically, to establish actual innocence, a petitioner must demonstrate actual factual innocence of the offense of conviction, i.e., that petitioner did not commit the crime of which he was convicted; this standard is not satisfied by a showing that a petitioner is legally, but not factually, innocent." <u>United States v. Mikalajunas</u>,186 F.3d 490, 494 (4th Cir. 1999), <u>cert. denied</u>, 529 U.S. 1010 (2000).

Additionally, while Walton asserts that he is entitled to relief based on <u>Dretke v. Haley</u>,541 U.S. 386 (2004), such is not the case. In <u>Dretke</u>, the Supreme Court was asked "to extend the actual innocence exception to procedural default of constitutional claims challenging noncapital sentencing errors." The Supreme Court held that "a federal court faced with allegations of actual innocence, whether of the sentence or of the crime charged, must first address all nondefaulted claims for comparable relief and other grounds for cause to excuse the procedural default."

Under the procedural default doctrine, federal courts will not disturb state court judgments which are "based on adequate and independent state law procedural grounds." <u>Id.</u> at 1852. <u>Dretke</u> affords Walton no relief because he has failed to set forth sufficient facts to support his claim of actual innocence so that the procedural default would be excused.

Consequently, upon thorough review of Walton's petition, the Court DENIES AND DISMISSES WITH PREJUDICE the petition for writ of coram nobis filed by Walton.

It is further Ordered that Walton's Motion of Judicial Notice of <u>Dretke v. Haley,</u> 541 U.S. 386 (2004), is **DENIED** and Walton's Motion to Proceed In Forma Pauperis is **DENIED AS MOOT** because he paid the filing fee.

The Clerk is directed to mail a copy of this Order to the pro
se petitioner and to dismiss the action from the docket of this
Court.

DATED: May _____6_____, 2005

_____
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE